UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONA MARIE HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>　　　　Defendant. | Case No. 1:22-cv-00020-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY [1]<br><br>(Doc. Nos. 11, 12) |

Diona Marie Hill ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 11-13). For the reasons stated, the Court orders this matter remanded for further administrative proceedings.

### I.　　JURISDICTION

Plaintiff filed for supplemental security income on August 23, 2019, alleging a disability

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 9).

onset date of August 2, 2019. (AR 212-21). Benefits were denied initially (AR 89-101, 122-27) and upon reconsideration (AR 103-18, 129-34). A hearing was conducted before an Administrative Law Judge ("ALJ") on January 25, 2021. (AR 32-61). Plaintiff was represented by counsel and testified at the hearing. (*Id*.). On February 11, 2021, the ALJ issued an unfavorable decision (AR 12-31), and on November 18, 2021, the Appeals Council denied review. (AR 1-6). The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II.     BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 51 years old at the time of the hearing. (AR 37). She completed high school and some college. (*Id*.). She lives with her parents and boyfriend (AR 50-51). Plaintiff has work history as an eligibility worker. (AR 37-39, 54). Plaintiff testified she can no longer work because she cannot sit for long periods of time and gets anxiety around people. (AR 40). She reported, if she stands too long her feet burn, her back starts hurting, and pain radiates down her right leg. (AR 41). Plaintiff testified the most she can be on her feet at one time is 15 minutes, the most she can sit at one time is 30 minutes, and the most she can lift and carry in an eight-hour workday would be 5 pounds. (*Id*.). She lays down with her feet up three times a day, is planning to have bariatric surgery, and had injections for back pain that "didn't last." (AR 41-44). Plaintiff reported her anxiety makes it difficult to be around people "even on a one-on-one basis," her pain is connected to her anxiety, and she has difficulty with concentration and memory. (AR 47-48).

## III.    STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a

conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.  FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step

two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V. ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 2, 2019, the application date. (AR 18). At step two, the ALJ found that Plaintiff has the following severe impairments: right knee internal derangement and degenerative joint disease; lumbar degenerative disc disease, with spondylosis and radiculopathy; obstructive sleep apnea; obesity; schizophrenia; bipolar I disorder; and panic disorder. (AR 18). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 19). The ALJ then found that Plaintiff has the RFC to

> perform light work as defined in 20 CFR 416.967(b) except she can frequently balance, can occasionally stoop, kneel, crouch, and/or crawl, can frequently climb stairs and/or ramps, can never climb ladders, ropes, and/or scaffolds, and can occasionally be exposed to vibrations, unprotected heights, and/or moving machinery parts. The claimant can understand and remember simple instructions, make simple work related decisions, carry-out simple instructions, can occasionally deal with changes in a routine work setting, and can occasionally deal with coworkers and the public.

(AR 21).

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 25). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: hand packer, assembler, and sorter. (AR 26-27). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since August 2, 2019, the date the application was filed. (AR 27).

////

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. (Doc. No. 1). Plaintiff identifies the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's subjective complaints;
2. Whether the ALJ adequately evaluated the limiting effects of Plaintiff's obesity;
3. Whether the ALJ properly considered the consultative medical opinion of Michael Kim, M.D.; and
4. Whether the ALJ properly considered the lay witness evidence.

(Doc. No. 11 at 10-22).

## VII. DISCUSSION

### A. Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that

the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 22). Specifically, as to her claimed physical impairments, the ALJ summarized the objective medical evidence regarding her claimed back impairment, right knee impairment, and obesity, and generally found that "[a]lthough the above-described evidence, and the record as a whole, establishes that claimant's physical impairments have generated functional limitation during the relevant period, it does not establish the level of debilitation she alleges." (AR 23-24). Then, as to Plaintiff's claimed mental limitations, the ALJ only noted the evidence was "thoroughly discussed in the prior finding." (AR 24). Plaintiff argues these were not specific, clear, and convincing reasons to discount Plaintiff's symptom claims. (Doc. No. 11 at 10-16). The Court agrees.

First, in evaluating Plaintiff's alleged mental limitations, the entirety of the ALJ's finding is as follows:

> The available mental evidence has been thoroughly discussed in the prior finding. Translating my conclusions there to specific functional limitations, I find the claimant's mental impairments have limited her during the relevant period to the performance of work requiring her to understand and remember simple instructions, make simple work-related decisions, carry-out simple instructions, occasionally deal with changes in routine work setting, and occasionally deal with coworkers and the public.

(AR 24). Presumably, and as indicated in both parties' briefing, the "thorough discussion" referenced by the ALJ was his evaluation of "paragraph B" criteria to determine whether Plaintiff meets or equals a listing at step three of the sequential analysis. (AR 20-21). At step three, the ALJ acknowledges Plaintiff's reported anxiety and intermittent auditory hallucinations, several hypomanic episodes per year, a few weeks of auditory hallucinations every few months, and

1    depression; however, the ALJ found the "relevant period includes little objective evidence
2    relating to the claimant's mental impairments." (AR 20 (citing 416 (review of systems positive
3    for psychosis), 418-19 (noting intact memory, attention/concentration, and fund of knowledge,
4    but also fast rate of speech, reports of psychotic thought, partial insight and judgment, anxious
5    mood and affect, and problems with orientation)). Specifically, the ALJ relied on "later treatment
6    records" that "rarely if ever reflect the above-described abnormalities," including mental status
7    examination findings that Plaintiff was cooperative, well oriented, had good insight, intact
8    memory and judgment, no mood swings or psychotic features, and unremarkable thought
9    processes. (AR 20, 486, 491-92, 494 (examining psychiatrist noted "from a psychiatric
10   viewpoint, prognosis is fair"), 552, 562, 568).

11          Plaintiff argues this reason was not specific, clear, and convincing, because the record
12   contained significant evidence corroborating her claimed mental health impairment. (Doc. No. 11
13   at 15-16). However, regardless of whether the ALJ erred in finding Plaintiff's mental symptom
14   claims were not corroborated by objective evidence, it is well-settled in the Ninth Circuit that an
15   ALJ may not discredit a claimant's pain testimony and deny benefits *solely* because the degree of
16   pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853,
17   857 (9th Cir. 2001) (emphasis added))); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.
18   1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). Thus, because lack of corroboration by
19   the objective evidence cannot stand alone as a basis for rejecting Plaintiff's alleged mental health
20   impairments, the ALJ's finding is inadequate.

21          In considering Plaintiff's physical symptom claims, the ALJ summarized the medical
22   record as to Plaintiff's alleged back pain, knee pain, and obesity, and generally found the record
23   "does not establish the level of debilitation [Plaintiff] alleges." (AR 23-24). The objective
24   evidence cited in support of this finding for the relevant period includes observations of painful
25   movement of the back, spasm and tenderness, positive straight leg test, bony tenderness and low
26   back tenderness to palpation, reduced muscle strength, normal gait, and little significant evidence
27   of numbness or sensory abnormalities. (AR 23, 486, 527, 529-30 (noting intermittent radicular
28   pain), 562, 568). The ALJ also cited several instances where Plaintiff acknowledged her pain

1   responded well to medication.  (AR 23, 484, 560, 566).

2   As above, Plaintiff argues this was not a specific, clear, and convincing reason to discount her physical symptom claims; and properly notes the ALJ may not discredit a claimant's pain testimony solely because the degree of pain alleged is not supported by objective medical evidence.  *See Rollins*, 261 F.3d at 857.  Defendant argues the ALJ properly found Plaintiff's claimed physical impairments were not inconsistent with the objective evidence, and additionally "found 'other evidence' detracted from her subjective allegations," including that Plaintiff had a positive response to pain medication, and that "medical opinions and prior administrative findings in the record detracted from Plaintiff's subjective complaints." (Doc. No. 12 at 11-12); *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits); *Tommasetti*, 533 F.3d at 1040 (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations); 20 C.F.R. § 416.929(c)(4) (ALJ may consider inconsistencies in the evidence and "the extent to which there are any conflicts between" Plaintiff's statements and statements by medical sources about how symptoms affect Plaintiff).

First, as noted by Plaintiff, the Court is not permitted to consider any alleged inconsistency with medical opinions because it was not offered by the ALJ in the decision as reasons to discount Plaintiff's symptom claims.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").  Moreover, even assuming, arguendo, that the ALJ explicitly relied on several observations in the record that Plaintiff's pain "responds well" to medication as a reason to reject Plaintiff's subjective claims as to her back pain, these same treatment notes indicate Plaintiff was experiencing "severe" lower back pain; spasm and tenderness of the lumbar spine on examination; and positive straight leg raising test.  (AR 484-86 (noting neurosurgeon wants bariatric surgery done before lumbar spinal surgery), 560-62, 566-68).  Thus, the Court finds this "reason" is not supported by substantial evidence, and would not rise to the level of a specific, clear, and convincing reason to wholly discount Plaintiff's symptom

9

1   claims. As above, because lack of corroboration by the objective evidence cannot stand alone as
2   a basis for rejecting Plaintiff's alleged physical impairments, the ALJ's finding is inadequate. *See*
3   *Rollins*, 261 F.3d at 857.
4         Based on the foregoing, the Court concludes that the ALJ did not provide clear and
5   convincing reasons, supported by substantial evidence, for rejecting Plaintiff's alleged mental and
6   physical impairments. On remand, the ALJ must reconsider Plaintiff's symptom claims.
7         **B. Additional Assignments of Error**
8         Plaintiff additionally challenges the ALJ's evaluation of her morbid obesity, the
9   examining opinion of psychiatrist Dr. Michael Kim, and the lay witness statements of Plaintiff's
10  mother. Because the ALJ's consideration of these issues is interrelated with a reevaluation of
11  Plaintiff's symptom claims, particularly as to her claimed mental health limitations, the Court
12  declines to address these challenges in detail here. On remand, the ALJ is instructed to reconsider
13  Plaintiff's symptom claims and conduct a new sequential analysis, including a reassessment of
14  the limiting effects of Plaintiff's obesity, medical opinion evidence, and lay witness statements, if
15  necessary.
16        **C. Remedy**
17        Plaintiff argues the Court should remand the case for payment of benefits or further
18  administrative proceedings. (Doc. No. 11 at 23). The decision whether to remand for further
19  proceedings or reverse and award benefits is within the discretion of the district court. *McAllister*
20  *v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate
21  where "no useful purpose would be served by further administrative proceedings, or where the
22  record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d
23  1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly
24  burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759
25  F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when
26  all of these conditions are met). This policy is based on the "need to expedite disability claims."
27  *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a
28  determination can be made, and it is not clear from the record that the ALJ would be required to

find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered Plaintiff's symptom claims, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. On remand, the ALJ should reevaluate Plaintiff's symptom claims. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert to include all the limitations credited by the ALJ.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

2. Defendant's Cross-Motion for Summary Judgment (Doc. No. 12) is DENIED.

3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion within thirty (30) days.

5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.

Dated:   September 11, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE